# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| JOHNNIE LEE GIPSON, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) Case No. 3:15-CV-485-JVB |
| v. | ) |
| SUPERINTENDENT | ) |
| Respondent. | ) |

## OPINION AND ORDER

Johnnie Lee Gipson, a pro se prisoner, filed a habeas corpus petition (DE 6) raising four grounds for challenging his convictions and 12-year sentence by the St. Joseph Superior Court on August 10, 2011, under cause number 71D02-1012-FB-165. The Respondent argues that all of these grounds are procedurally defaulted. "To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts." *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006) (quotation marks and citation omitted).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to fairly present his federal claims to the state courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (citations and quotation marks omitted).

State court records show that after Gibson was convicted, he took a direct appeal to the Court of Appeals of Indiana, but he did not file a timely Petition to Transfer to the Indiana

Supreme Court. (DE 25-2 at 2-3.) He filed a post-conviction relief petition, but when it was denied, he did not appeal that decision. (DE 25-6 at 5.) Therefore Gipson's claims are procedurally defaulted.

Gipson presents two arguments to excuse his procedural default. First, citing to *Neder v. United States*, 527 U.S. 1 (1999), he argues that a per se prejudicial error occurred which requires that he be granted habeas corpus relief. However, none of Gipson's four grounds meet that standard. In Ground One, Gipson argues that the victim's past sexual history should not have been excluded. In Ground Two, he argues that the lead investigator should have testified at his trial. In Ground Three, he argues that there was insufficient evidence to have found him guilty.[1] In Ground Four, he argues that his counsel were ineffective because they did not properly argue that he did not know the age of the victim.

The Supreme Court in *Neder* "recognized that most constitutional errors can be harmless. If the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other constitutional errors that may have occurred are subject to harmless-error analysis." *Neder v. United States*, 527 U.S. 1, 8 (1999) (quotation marks, citations, and brackets omitted). "The error[s] at issue here . . . differ[] markedly from the constitutional violations we have found to defy harmless-error review. Those cases, we have explained, contain a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* (quotation marks and brackets omitted). Here, because all of the grounds raised by Gipson are merely alleged errors in his trial process, *Neder* does not excuse their procedural default.

---

[1] Ground Three is also addressed as a part of Gipson's argument that it would be a fundamental miscarriage of justice if the court did not excuse his procedural default and consider the merits of his habeas corpus petition.

Second, Gipson argues that he is innocent. Procedural default can be excused, "if the petitioner can . . . demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). In order to demonstrate a fundamental miscarriage of justice, the petitioner must prove that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quotation marks, brackets, and citation omitted). A petitioner who asserts actual innocence "must demonstrate innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003). To do so, he must come forward "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, Gipson has not provided any new evidence. He merely argues that the evidence presented at trial was insufficient to prove that he knew the victim's age. This alone precludes finding that he has demonstrated actual innocence and excused procedural default. Moreover, his insufficient evidence argument is meritless because there was ample evidence presented during his trial which demonstrated that he knew the victim's age.

> At some point, Gipson and N.B. began having conversations over the telephone. During their first lengthy phone conversation, N.B. told Gipson that she was only fourteen years old. After N.B. told Gipson that she was only fourteen years old, Gipson "was kind of quiet for a minute, and was like, 'Nah, you're just playing.'" Tr. pp. 193–94. N.B. assured Gipson that she was not "just playing" and that she was only fourteen years old. From that point forward, N.B. continued to tell Gipson that she was only fourteen years old. N.B. told Gipson

3

about her school, including her information about her favorite classes, teachers, and a class trip to Six Flags. Gipson also contacted N.B.'s older sister through MySpace to ask about N.B. N.B.'s older sister did not reply at first, but in early June of 2010, replied to a post left by Gipson, informing him that N.B. "was fourteen, and that he should leave her alone." Tr. p. 318. In addition, N.B.'s family repeatedly told Gipson that N.B. was fourteen years old.

*Gipson v. State*, 968 N.E.2d 343, *1 (Ind. Ct. App. 2012) (table), DE 25-5 at 2-3.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, all of Gipson's claims are procedurally defaulted and there is no reason to encourage him to proceed further. Therefore, he will be denied a certificate of appealability. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court---

- **DENIES** this habeas corpus petition;
- **DENIES** a certificate of appealability;
- **DENIES** leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and
- **DIRECTS** the clerk to close this case.

SO ORDERED on February 16, 2017.

4

                                        <u>s/ Joseph S. Van Bokkelen</u>
                                      JOSEPH S. VAN BOKKELEN
                                      UNITED STATES DISTRICT JUDGE